UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HAUCK HOLDINGS
COLUMBIA SC, LLC,

    Plaintiff,

    v.                                                       C-1-08-682

TARGET CORPORATION, et al.,

    Defendants.

**ORDER**

This matter is before the Court upon a Motion to Bifurcate and Stay Hauck Holdings Columbia SC, LLC's Bad Faith Denial of Coverage Claim in the Amended Complaint (doc. 33) filed by defendant First American Title Insurance Company (First American). Hauck Holdings Columbia SC, LLC (Hauck) has filed a Notice of Non-Opposition to the Motion (doc. 34).

**I. Background**

Plaintiff Hauck originally filed this action in state court on September 2, 2008 (doc. 2) and subsequently filed an amended complaint on April 1, 2009 (doc. 28) following removal of the action to federal court. This dispute arises out of Hauck's purchase of the Northtowne Commons Shopping Plaza (Northtowne), which made Hauck a party to an Operation and Easement Agreement (OEA) and Amendments to the OEA entered into among Hauck's predecessors-in-interest, which included an entity now known as the Target Corporation (Target). First American claims that pursuant to the OEA and an Assignment and Assumption Agreement, Target was obligated to pay Hauck for certain fees for maintenance of common areas in Northtowne. First

1

American alleges that when Hauck requested those fees from Target in April of 2007, Target refused to pay the full amount sought, claiming that it was not obligated to pay for the common area. Hauck thereafter made a claim under an Owner's Policy which First American had issued to Hauck in connection with its purchase of Northtowne. First American denied the claim based on "Special Exceptions" to the Policy.

Hauck contends that First American is liable to it under the Policy, and it has asserted various claims against First American. Two of these claims are numbered "Count VI" in the Amended Complaint. The first Count VI is captioned "Breach of Contract Against First American" and alleges that First American's denial of coverage under its Title Insurance Policy has breached the terms of that Agreement and that Hauck is entitled to indemnification. The second Count VI is captioned "Bad Faith Denial Against First American" and alleges that First American intentionally failed to determine whether the denial of coverage was lawful and that it consciously disregarded Hauck's rights and breached its duty of good faith by denying coverage under the Title Insurance Policy.[1]

First American seeks to bifurcate Hauck's bad faith denial of coverage claim asserted in Count VI of Hauck's Amended Complaint from the remainder of the claims to be tried. First American argues that because Hauck cannot assert a claim for bad faith denial of coverage unless Hauck first establishes that there is coverage under the Policy, First American will be unduly prejudiced at trial if all claims are tried together because the jury's decision on coverage may be improperly affected by evidence of First American's alleged bad faith, and there is a risk of jury confusion. ***See Bob Schmitt Homes, Inc. v. Cincinnati Ins. Co.***, 2000 WL 218379, *4 (Ohio App.

---

[1]The Court will hereinafter refer to this latter claim as "Count VI."

8 Dist. 2000) (unpublished decision) (insurer was entitled to summary judgment on bad faith claim where the insured failed to satisfy its burden of showing that it was entitled to coverage under the policy, and the initial factual prerequisite to a bad faith claim was therefore lacking); *Pasco v. State Auto. Mut. Ins. Co.*, 1999 WL 1221633, *6 (Ohio App. 10 Dist. 1999) (unpublished decision) (citing *GRE Ins. Group v. Int'l. EPDM Rubber Roofing Systems, Inc*., Lucas App. No. L-98-1387 (Apr. 30, 1999) (unreported decision)) (where an insurer's denial of coverage under the policy in question is proper, the insured cannot maintain a bad faith claim.) In addition, First American contends that it would be more efficient to bifurcate the bad faith denial of coverage claim because if coverage is lacking, there is no reason to inquire further into First American's denial of coverage.

## II. Standard of Review

Fed. R. Civ. P. 42(b) provides,

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, cross-claims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

The propriety of bifurcation is dependent upon the facts and circumstances of each case, and the determination must be made on a case-by-case basis. *Acme Resin Corp. v. Ashland Oil, Inc.,* 689 F.Supp. 751, 752 (S.D. Ohio 1987) (citing *Idzojtic v. Pa. Railroad Co.,* 456 F.2d 1228 (3rd Cir. 1972)). The Court should consider (1) whether bifurcation would be conducive to expedition of litigation and to efficient judicial administration, (2) whether bifurcation would prejudice the parties, and (3) whether the issues sought to be tried separately are significantly different. *Id*. (citing *Beauchamp v. Russell,* 547 F.Supp. 1191 (D.C. Ga. 1982)). The decision whether to order bifurcation is committed to the trial court's sound discretion. *Id.* (citing *Moss v. Associated*

*Transport, Inc.,* 344 F.2d 23, 25 (6th Cir. 1965)).

### III. Opinion

The Court finds that bifurcation of the claim for bad faith denial of coverage is not warranted at this stage of the proceedings. The issues of whether there is coverage under the Policy and whether First American denied coverage in bad faith arise out of the same set of facts and are closely intertwined. Accordingly, to bifurcate the issues would neither expedite the litigation nor promote judicial administration. Moreover, juries frequently decide cases involving multiple claims and issues. There is no reason to believe at this juncture that a jury in this case would be confused or prejudiced by the presentation of evidence on both what is covered under the Policy in question and First American's alleged bad faith. The Court therefore exercises its discretion to deny First American's motion to bifurcate at this time. The Court will reconsider this issue if it appears after the completion of discovery that First American will suffer legal prejudice if the issues are not bifurcated.

First American's Motion to Bifurcate and Stay Hauck's Bad Faith Denial of Coverage Claim in the Amended Complaint (doc. 33) is **DENIED** without prejudice to resubmission following the close of discovery. First American's Motion to Bifurcate (doc. 26) is **DENIED** as moot.

**IT IS SO ORDERED.**

                                                   S/ Herman J. Weber
                                                          HERMAN J. WEBER
                                   SENIOR JUDGE, UNITED STATES DISTRICT COURT